UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BURT LEON SETTS,

    Petitioner,

v.                                                                Case No. 1:23cv99-AW-HTC

RICKY D. DIXON,

    Respondent.
_____/

## ORDER AND REPORT AND RECOMMENDATION

Burt Leon Setts initiated this case by filing a Petition for Removal from State to Federal Court (ECF Doc. 2) and attaching a Complaint for Writ of Habeas Corpus (ECF Doc. 1), which was captioned for case number 2023-035-CA in the state circuit court in Dixie County and dated April 4, 2023. *Id.* at 16. Upon consideration, the undersigned recommends the Petition for Removal be DENIED and the case REMANDED to state court.[1]

---

[1] When the Court initially reviewed Setts' filing, the Court construed it as a federal habeas petition and ordered Setts to file an amended petition on the Court's form and to file a motion to proceed *in forma pauperis.* ECF Doc. 4. Setts responded to that order, explaining that he is seeking to remove his state habeas petition to this Court. ECF Doc. 5. Thus, the Court will vacate its prior order. Also, the Court notes that Setts has filed several prior federal habeas petitions seeking to vacate the same 1982 conviction that is at issue here. *See e.g., Setts v. Singletary, Et Al*, 4:94-cv-40381-RH (denying petition on the merits); *Setts v. Jones*, 4:14-cv-00579 (collecting other cases involving petitions). Thus, Setts would need to seek approval from the Eleventh Circuit to file a successive federal petition.

Setts seeks to remove his state habeas petition to federal court under the federal civil rights removal statute, 28 U.S.C. § 1443. Under § 1443, criminal defendants are entitled to remove their state criminal cases to federal court under very limited circumstances. Specifically, section 1443(1) allows a defendant to remove to federal court a prosecution "[a]gainst any person who is denied or cannot enforce" in state court "a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).[2] Setts, however, cannot take advantage of section 1443(1).

Section 1443 is not applicable to habeas proceedings. *See Banks v. Gwinnett Cnty. Superior Ct.*, 2018 WL 11240049, at *1 (N.D. Ga. Aug. 28, 2018), *report and recommendation adopted,* No. 1:18-CV-1544-LMM-RGV, 2018 WL 11240031 (N.D. Ga. Sept. 24, 2018). Instead, the removal of a criminal action under § 1443 must be filed within 30 days after arraignment or any time before the trial. 28 U.S.C. § 1455(b). Here, Setts has already been convicted and sentenced. Moreover, section 1443 applies only to defendants. Thus, Setts, "as the petitioner in the state court proceeding, ha[s] no power to remove his own case. Removal is available only to defendants." *Okot v. Callahan*, 788 F.2d 631, 633 (9th Cir. 1986) (citing 28 U.S.C.

---

[2] Section 1443(2) allows a defendant to remove to federal court a prosecution "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). Because Setts is not a state actor, that subsection does not apply. *Mackey v. Massachusetts,* 582 F. Supp. 3d 1, 3 (D. Mass. 2022).

Case No. 1:23cv99-AW-HTC

§§ 1441(c), 1442, 1443, 1446(c); *In re Walker*, 375 F.2d 678 (9th Cir. 1967)); *see also Marshall v. Danforth*, No. 4:22-CV-89, 2022 WL 1508971, at *1 (S.D. Ga. May 12, 2022), *certificate of appealability denied sub nom. Marshall v. Warden*, 2022 WL 17567579 (11th Cir. Sept. 28, 2022) (collecting cases).

Finally, for section 1443(1) to apply, a defendant must show (1) "that the right allegedly denied … arises under a federal law providing for *specific civil rights stated in terms of racial equality*" (emphasis supplied); and (2) that the "specified federal rights" are denied or cannot be enforced "in the courts of [the] State." *Johnson* v. *Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia* v. *Rachel*, 384 U.S. 780, 792 (1966)).[3] Under the first prong, "[t]he phrase 'any law providing for ... equal civil rights' refers to laws 'providing for specific civil rights stated in terms of racial equality,' and does not include rights of 'general application available to all persons or citizens.'" *Alabama v. Conley,* 245 F.3d 1292, 1295 (11th Cir. 2001) (quoting *Rachel*, 384 U.S. at 792).

Here, Setts complains "a state statute has been applied prior to trial so as to deprive[] the Petitioner of his equal civil rights in that the arrest and charge under the state were affected for reasons of racial discrimination."   ECF Doc. 2 at 1-2.

---

[3] Under 28 U.S.C. § 1455(b)(4), a court shall examine an attempt to remove a state criminal prosecution, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Hammond v. Georgia,* 2018 WL 10626009, at *1 (N.D. Ga. Dec. 21, 2018), No. 1: *report and recommendation adopted,* 2019 WL 8375921 (N.D. Ga. Jan. 16, 2019)

Case No. 1:23cv99-AW-HTC

Specifically, he argues that he was charged with a capital offense without being indicted by a grand jury and that "the prosecution in allowing the said statute to be used by a white person who had no authority to charge such a crime, and he himself being without authority to charge such a crime, which subjected the Petitioner to the death penalty without an official cause, amounts to racial discrimination." ECF Doc. 2 at 5. These allegations are insufficient to support removal.

Setts does not identify which specific federal laws protecting civil rights in terms of racial equality were allegedly violated. Setts' broad contentions do not support a valid claim for removal under § 1443. *See Rachel*, 384 U.S. at 792 ("[D]efendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under s 1443"); *Conley*, 245 F.3d at 1295-96 (holding that a defendant's "broad assertions" under the Equal Protection Clause are insufficient to support a valid claim for removal under § 1443). Accordingly, Setts' removal petition does not satisfy the first prong of the *Rachel* test, and therefore, his case is not removable under § 1443. *See e.g., Crowder v. Lowndes Cnty. Superior Ct.,* 2018 WL 11217281, at *1 (M.D. Ga. May 22, 2018); *Mississippi v. Peacock*, 384 U.S. 808, 827 (1966) ("It is not enough to support removal under [§] 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state

Case No. 1:23cv99-AW-HTC

administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.").

Accordingly, it is ORDERED:

1. The May 4, 2023, Order at ECF Doc. 4, denying the Petition for Removal and requiring the filing of an amended petition and payment of the $5.00 filing fee, is VACATED.

Additionally, it is respectfully RECOMMENDED that:

1. The Petition for Removal, ECF Doc. 2, be DENIED and the case remanded to state court.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 30th day of May, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 1:23cv99-AW-HTC